### HERSKOVITZ v STATE
### FETTERMAN v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

Nos 15070 & 15089. Decided Jan 13, 1936

Edward C. Stanton, Cleveland, for plaintiff in error Herskovitz.

Harry F. Glick, Cleveland, for plaintiff in error Fetterman.

Frank T. Cullitan, Pros. Attorney, Cleveland, and Thomas A. Burke, Jr., Asst. Pros. Attorney, Cleveland, for defendant in error.

### OPINION

By LIEGHLEY, PJ.

The court charged the jury in the following language:

"Now, Ladies and Gentlemen of the Jury, while I have defined for you the elements of the crime of robbery in this case, by virtue of the circumstances and the evidence as it has come to you, there is only one issue for your determination. There cannot be any question from the evidence in this case but that a robbery was committed at the place and time as alleged in this indictment. The sole question for your determination in this case is whether or not the state has established beyond a reasonable doubt, the fact identifying these defendants, or either of them, with the robbery which was thus committed, * * *."

In the absence of admission or concession that a robbery took place, this charge constitutes prejudicial error. Counsel for the state contended before us that the fact of a robbery was admitted at the trial. Counsel for the defendant just as vehemently contended that no such admission was made and that they at all times stood on their plea of "not guilty." If there was no express admission or the fact that a robbery had been committed conceded, the plea of "not guilty" placed in issue this fact, and the defendants had a right to have the same established by the proper degree of proof.

A motion for diminution of record was interposed by the state and this court remanded the bill of exceptions to the trial judge for correction or amendment to the end that the bill would express exactly what took place at the trial. This bill has been returned to this court with a notation by the trial judge that it is his 'recollection that no question as to whether or not a robbery had been committed was raised by the concluding arguments.' Of course this does not amount to a certificate to the effect that the defendants waived expressly or impliedly their right to have the fact of a robbery established by proof.

While the guilt of the defendants seems to be conclusively established by the evidence adduced at this trial as disclosed by this bill, nevertheless we are bound by the contents of the bill of exceptions. It is difficult to understand and believe that a judge with the long experience in the trial of cases and the careful manner of trying same that the trial judge in this case always observes, would charge the jury that there is no question of a robbery to be decided by the jury unless there had been admissions or the trial judge had been led to believe that no question was raised as to the commission of a robbery. But, as stated, we are compelled by law to confine our inquiry to the contents of the bill of exceptions.

It is unfortunate that it did not occur to

the trial judge or some one interested in the state of the record to see to it that the admissions, if any, were duly recorded in the record, although such oversight is not unusual during the progress of a hotly contested criminal trial.

We are constrained to reverse the judgments in these cases for error in the charge, with exceptions. The cases are remanded for retrial.

LEVINE and TERRELL, JJ, concur in judgment.